

**FILED**
Apr 12, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA



UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PROCTER & GAMBLE AEROSOL PRODUCTS
MARKETING AND SALES PRACTICES LITIGATION         MDL No. 3025

## TRANSFER ORDER

**Before the Panel:**[*] Common defendant The Procter & Gamble Company (P&G) moves under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Florida. This litigation currently consists of eleven actions pending in eight districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of fourteen related actions.[1]

All responding plaintiffs support or do not oppose centralization, but disagree on the transferee district. Plaintiffs in seven actions on the motion and seven potential tag-along actions support centralization in the Southern District of Florida, and various plaintiffs alternatively suggest the Southern or Eastern District of New York as their second choice. Plaintiffs in three actions on the motion and four potential tag-along actions request the Southern District of Ohio. Plaintiffs in one action (*Aviles*) take no position on centralization.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from the alleged contamination of P&G aerosol body spray products with benzene, a known human carcinogen that has been linked to leukemia and other cancers. The products at issue in this litigation are P&G aerosol antiperspirant and deodorant products – mainly, Secret and Old Spice branded products – that were voluntarily recalled in November 2021. Additionally, certain P&G aerosol dry shampoo and aerosol dry conditioner products recalled in December 2021 are it issue in four potential tag-along actions.[2] The common factual questions include: (1) whether the

---

[*] Judge David C. Norton did not participate in the decision of this matter. One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1] The related actions are pending in ten districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The brands of aerosol dry shampoo and aerosol dry conditioner at issue are Pantene, Herbal Essence, Aussie, Old Spice, Waterless, and Hair Food.

alleged P&G body spray products contained benzene and, if so, at what concentration;[3] (2) whether the benzene levels allegedly detected in the products posed a safety risk to consumers or made the products unfit for sale; (3) whether P&G knew or should have known that the products contained benzene; (4) whether P&G was negligent in labeling, marketing, manufacturing, and selling the allegedly contaminated products; and (5) the contract manufacturer's alleged role in the contamination.  Considering the common factual questions involving these different categories of P&G body spray products, we have determined that the centralized proceedings should include the potential tag-along actions involving P&G aerosol shampoo and conditioner products.[4] Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Southern District of Ohio is the appropriate transferee district for this litigation. Defendant P&G has its headquarters in this district, and represents that the contract manufacturer involved in making the recalled products is located in Indiana and Illinois.  Thus, common witnesses and other evidence likely will be located in or near this district.  Eight actions, including potential tag-along actions, are pending there.  Judge Michael H. Watson, to whom we assign this litigation, is an experienced transferee judge with the willingness and ability to manage this litigation efficiently.  We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Ohio are transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Michael H. Watson for coordinated or consolidated pretrial proceedings.

---

[3] The actions on the motion allegedly arise from testing conducted by Valisure LLC, an analytical pharmacy, and its citizen petition to the Food and Drug Administration to request a recall of the affected products.  The record indicates that P&G subsequently conducted its own investigation and testing, and that one or more plaintiffs conducted testing as well.

[4] Defendant supports inclusion of the actions involving P&G aerosol shampoo and conditioner products in the MDL, as do nearly all plaintiffs who addressed this question.  No party opposes inclusion of these actions.  We intend to transfer the actions through the conditional transfer order process.  *See* Panel Rule 7.1(b).

PANEL ON MULTIDISTRICT LITIGATION

                         _____
                                  Karen K. Caldwell
                                        Chair

Nathaniel M. Gorton         Matthew F. Kennelly
Roger T. Benitez            Dale A. Kimball
Madeline Cox Arleo

**IN RE: PROCTER & GAMBLE AEROSOL PRODUCTS
MARKETING AND SALES PRACTICES LITIGATION**     MDL No. 3025

## SCHEDULE A

      Central District of California

QUINONES v. THE PROCTER & GAMBLE COMPANY, C.A. No. 2:21−09595

      Eastern District of California

AVILES, ET AL. v. THE PROCTER & GAMBLE COMPANY, C.A. No. 2:21−02108

      Southern District of California

CANADAY v. THE PROCTER & GAMBLE COMPANY, C.A. No. 3:21−02024

      Southern District of Florida

BRYSKI v. THE PROCTER & GAMBLE COMPANY, C.A. No. 0:21−62285
LEYVA, ET AL. v. THE PROCTER & GAMBLE COMPANY, C.A. No. 4:21−10108

      Eastern District of New York

TOPOREK v. THE PROCTER & GAMBLE COMPANY, C.A. No. 2:21−06185

      Southern District of New York

DELCID v. THE PROCTER & GAMBLE COMPANY, C.A. No. 1:21−09454

      Southern District of Ohio

VELASQUES, ET AL. v. THE PROCTER & GAMBLE COMPANY,
    C.A. No. 1:21−00723
BAKER, ET AL. v. THE PROCTER & GAMBLE COMPANY, C.A. No. 1:21−00734
ESQUIVEL, ET AL. v. THE PROCTER & GAMBLE COMPANY, C.A. No. 1:21−00762

      District of Oregon

LYLE v. THE PROCTER & GAMBLE COMPANY, C.A. No. 3:21−01760